# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| GREGORY W. CUPPETT, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| SHERIFF ERIC J. LEVETT, et al., | : | CIVIL ACTION NO. |
| Defendants. | : | 1:15-CV-2872-CC-JFK |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Plaintiff, Gregory W. Cuppett, confined in the DeKalb County Jail in Decatur, Georgia, has submitted a *pro se* civil rights complaint. The Court previously granted Plaintiff *in forma pauperis* status, and the matter is now before the Court on the complaint [1] for screening under 28 U.S.C. § 1915A.

## I.     28 U.S.C. § 1915A Standard

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Bingham v. Thomas, 654 F.3d 1171,

1175 (11th Cir. 2011) (quoting Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008)) (internal quotation marks omitted). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "A plaintiff . . . must plead facts sufficient to show that her claim has substantive plausibility" and inform the defendant of "the factual basis" for the complaint. Johnson v. City of Shelby, _ U.S. _, 135 S. Ct. 346, 347 (2014).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. Franklin v. Curry, 738 F.3d 1246, 1248 (11th Cir. 2013); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations). Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. Bingham, 654 F.3d at 1175. Although courts show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359,

1369 (11th Cir. 1998)) (internal quotation marks omitted), cert. denied, _ U.S. _, 135 S. Ct. 759 (2014).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that (1) a person acting under color of state law (2) deprived him of a right secured by the Constitution or federal law. Bingham, 654 F.3d at 1175. If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

**II.    Discussion**

Plaintiff brings this action against Sheriff Eric J. Levett, Correct Care Solutions (CCS), and Dr. Dunbar and raises claims regarding his medical care at the Rockdale County Jail, where Plaintiff previously was incarcerated. (Compl. ¶¶ III, IV, ECF No. 1). Plaintiff alleges the following. (Id. ¶ IV). On March 6, 2015, Plaintiff was tasered four times – causing him head trauma, facial lacerations, and damage to his left shoulder and right thumb. Plaintiff was then booked into the Rockdale County Jail. Although Plaintiff was placed "in population" without receiving concussion or sobriety tests, in both March and April of 2015, he received x-rays of his head, thumb, shoulder

3

and hip, and no broken bones were found.  Plaintiff did not receive an MRI or CAT Scan and was told that they were expensive.  In mid-April, Plaintiff's (non-specified) chronic condition resulted in a pinched nerve and then sciatica.  On June 17, Dr. Jacobs told Plaintiff that he did not have neuropathy in his feet but had a condition called Purple Foot.  Through August 5, 2015, Plaintiff received no follow-up with Dr. Jacobs, CCS ignored appointments that Plaintiff "[had] been told [he] was going to have[,]" and there was no attempt to examine his sciatica.  Additionally, Plaintiff's taser injuries have not been treated, and, due to head trauma, Plaintiff is wearing glasses for blurred vision and far-sightedness and suffers headaches.  (Id.).  Plaintiff asserts that the Sheriff and Dr. Dunbar are responsible because the Sheriff is over the jail and Dr. Dunbar is the head of CCS.  (Id.)  Plaintiff seeks injunctive relief in the form of the same medical care he would receive if he was a free person and seeks damages.  (Id. ¶ V).

The Eighth Amendment prohibits deliberate indifference to a prisoner's serious medical need.[1]  Bingham, 654 F.3d at 1175.  To show deliberate indifference to a

---

[1] The Due Process Clause of the Fourteenth Amendment prohibits deliberate indifference to a pre-trial detainee's serious medical needs, and claims related thereto are analyzed under the same standard that applies to Eighth Amendment claims of deliberate indifference to a prisoner's serious medical needs.  Craig v. Floyd County, 643 F.3d 1306, 1310 (11th Cir. 2011).

4

serious medical need, a plaintiff must show (1) an objectively serious medical need and (2) the defendant/official's subjective awareness of a risk of serious harm based on that need and his disregard of that risk with conduct that is more than grossly negligent. Id. at 1176 (holding that plaintiff must demonstrate that official's response "was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law" (quoting Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000)) (internal quotation marks omitted)); see also Townsend v. Jefferson County, 601 F.3d 1152, 1158 (11th Cir. 2010) (stating, "a claim of deliberate indifference requires proof of more than gross negligence").

A serious medical need is "one that, if left unattended, pos[es] a substantial risk of serious harm." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting Taylor, 221 F.3d at 1258) (internal quotation marks omitted). As long as the medical treatment provided for a serious medical need is "minimally adequate[,]" a prisoner's preference for a different treatment does not give rise to a Constitutional violation. See Harris v. Thigpen, 941 F.2d 1495, 1504 (11th Cir. 1991). "[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray,

5

or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice . . . ." Estelle v. Gamble, 429 U.S. 97, 107 (1976).

Additionally, even if a constitutional violation is alleged, there are limits in regard to supervisory liability and the liability of an entity such as CCS. A supervisor is liable for the actions of his subordinates under § 1983 only "if he personally participates in the act that causes the constitutional violation or where there is a causal connection between his actions and the constitutional violation that his subordinates commit." AFL-CIO v. City of Miami, 637 F.3d 1178, 1190 (11th Cir. 2011). A causal connection is shown if (1) the supervisor is on notice of historical widespread abuse and has not taken corrective action, (2) the supervisor has a custom or policy that resulted in the alleged violation, or (3) "facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so." Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007) (citing Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)). A private entity that "'contracts with a county to provide medical services to inmates . . . becomes the functional equivalent of [a] municipality' under § 1983." Craig, 643 F.3d at 1310 (quoting Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997)). To succeed on a claim against a municipality, "a plaintiff must show: (1) that his

6

constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).

Plaintiff received x-rays after the pre-booking tasering, and his desire for additional testing does not show that the personnel at the Rockdale County Jail were deliberately indifferent to the injuries Plaintiff allegedly received from the pre-booking tasering or due to his unspecified chronic condition. Moreover, Plaintiff's attempt to state a claim against the supervisory Defendants fails because neither of them were directly involved in Plaintiff's care and because Plaintiff alleges nothing whereby they can be held liable in their supervisory capacities. Plaintiff's attempt to state a claim against CCS fails because the brief assertion that CCS ignored appointments that Plaintiff had been told he was going to have between mid-June and the first of August, without more, is insufficient to show a CCS policy or custom that constitutes deliberate indifference.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, this action be **DISMISSED** without prejudice for failure to state a claim.[2]

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 18th day of February, 2016.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

---

[2]Quinlan v. Pers. Transp. Servs. Co., 329 F. App'x 246, 249 (11th Cir. 2009) (stating that district court does not need to "allow a plaintiff an opportunity to amend where it dismisses a complaint *without prejudice*").